**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 19-cv-00510-RMR-MEH

OTTER PRODUCTS, LLC, and,
TREEFROG DEVELOPMENTS, INC.,

      Plaintiffs/Counter-Defendants,

v.

TRIPLENET PRICING INC.,

      Defendant/Counter-Claimant,

      and

TRIPLENET PRICING LLC,
ERIC SYPES, and
JOHN DOES 1-10, individually or as corporate/business entities,

      Defendants.

---

## ORDER

---

      This matter comes before the Court on the Defendants' Motion for Reconsideration of Summary Judgment Order, ECF 56. On November 10, 2021, this Court issued an Order granting Plaintiffs' (collectively, "Otter") Motion for Summary Judgment, ECF 54. Defendants (collectively, "Triplenet") now ask the Court to vacate that order and allow the case to proceed to trial. For the reasons that follow, Triplenet's motion is **DENIED.**

Triplenet's argument here rests largely on an order issued by Judge Ebel in *Otter Products, LLC, and Treefrog Developments, Inc. v. Big Birds, LLC, et al.*, No. 1:19-cv-00626-DME-KLM, ECF 116 (D. Colo., Sept. 30, 2021) (the "*Big Birds* Order"). In *Big Birds*, Judge Ebel considered motions for summary judgment filed by Otter and the defendant Big Birds on the same types of claims that are at issue in this case. Based on the evidence before him, Judge Ebel denied the motions for summary judgment and allowed the case to proceed to trial. Triplenet argues that this Court should have reached the same conclusion as did Judge Ebel.

This Court, however, is bound to consideration of the argument and evidence that was presented to it in *this matter*. As detailed below, the defendant in *Big Birds* advanced different arguments than did Triplenet, and Big Birds cited to evidence on the record in that case that supported its arguments. In contrast, the arguments advanced by Triplenet in *this* case were not supported by citations to admissible evidence on the record. Indeed, Triplenet failed to even respond to 36 of the 48 facts in Otter's Statement of Undisputed Material Facts, and it failed to support most of the facts in its own Statement of Additionally Disputed Facts with any actual evidence.

Triplenet's Motion for Reconsideration reflects a fundamental misunderstanding of the summary judgment standard and of the required showing for establishing a genuine dispute of a material fact. Merely calling a fact disputed does not make it so, and is not sufficient to defeat a motion for summary judgment. Triplenet cannot now rely on the

lawyering of a different defendant in a different case to support its request for reconsideration. Triplenet's Motion for Reconsideration is **DENIED**.

## I.    APPLICABLE LAW

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice*." Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

A motion for reconsideration is not an appropriate vehicle by which to "reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances…the basis for the second motion must not have been available at the time the first motion was filed." *Id.*

## II.    ANALYSIS

Triplenet argues that reconsideration is warranted for three reasons: "(1) Plaintiffs failed to disclose this Court's conflicting order in a co-pending case based on the same

facts; (2) Plaintiffs withheld relevant evidence from Triplenet; and (3) the Court made findings on hotly contested factual disputes." ECF 56, p. 2. Triplenet does not address each of these reasons individually, but rather addresses them in the context of each claim. For convenience, the Court will analyze the arguments as they are set forth by Triplenet.

### A. Trademark Infringement and Unfair Competition

This Court found that Otter was entitled to summary judgment on its claims for trademark infringement and unfair competition under both the "material difference" and "quality control" exceptions to the first sale doctrine. Triplenet asks the Court to reconsider its rulings and reverse its order granting summary judgment. For the reasons that follow, the Court declines to do so.

1. <u>Material Difference</u>

When analyzing the material difference exception, a court must first determine whether the differences between the trademark holder's goods and the unauthorized reseller's goods are material. *See Beltronics USA, Inc. v. Midwest Inventory*, 562 F. 3d 1067, 1072-73 (10th Cir. 2009). "[A] difference is material if consumers [would] consider [it] relevant to a decision about whether to purchase a product." *Id*. at 1073 (internal citations omitted). The "material difference" exception is not limited to physical differences, but it may also include differences in warranties or service commitments. *Id*; *see also Otter Products, LLC v. Cloudseller, LLC*, No. 19-cv-0630-JLK, *13 (D. Colo. Dec. 3, 2019). On summary judgment, Otter argued that the products sold by Triplenet were

materially different than genuine Otter products because they did not come with the Otter warranty.

In its response, Triplenet did not engage substantively with the material difference analysis. Instead, it asked the Court to invalidate the Otter warranty altogether. Indeed, Triplenet explicitly acknowledged a decision in *Otter Products, LLC and Treefrog Developments, Inc. v. Phone Rehab, LLC*, 2019 WL 4736462, noting that, in that case, the court found that "the Otter Plaintiff met the requirements of the 'material difference' exception in that its Warranty was limited only to consumers who purchased its product through an authorized dealer." ECF 44, p. 11. Thus, *instead of advancing that argument*, Triplenet argued that the warranty was invalid in its entirety: "However, neither the court nor the defendant [in *Phone Rehab*] raised the issue of whether the Warranty was at all valid in the first place. And, now, as appearing in the first instance, the defendant herein is challenging the validity of plaintiff's Warranty…This court should hold that, on its face, the Warranty actually included with its products is invalid…". *Id.*

In their Motion for Reconsideration, however, Triplenet recharacterizes its argument, claiming that it has "always disputed" that the products sold by Triplenet are "materially different" because "all Otter products do in fact come with a warranty, irrespective of the retailer." ECF 56, pp.5-6. Such characterization, however, is contradicted by the summary judgment briefing itself. Triplenet did not argue that the warranty actually did cover its products; it argued the opposite—that the warranty was null and void as a whole. In support of this argument, Triplenet cited only to the Colorado

statues setting forth (a) the implied warranty of merchantability (Colo. Rev. Stat. § 4-2-314) and (b) exclusion or modification of warranties (Colo. Rev. Stat. § 4-2-316). As explained in this Court's Order, neither of these statutes provides legal support for Triplenet's claim. See ECF 54, p. 9. A motion for reconsideration does not permit a party to test out new arguments or theories when previous efforts are unsuccessful. *Servants of Paraclete*, 204 F.3d at 1012. This argument is therefore not properly considered at the motion for reconsideration stage.[1]

Even if Triplenet had made such an argument, Triplenet's reliance on *Big Birds* on this issue is misplaced because Triplenet did not cite to any evidence in this record supporting that argument. Considering the "material difference" exception in *Big Bird*, Judge Ebel found that, based on the evidence before him, "a reasonable jury could find that, although Otter says its manufacturer's warranty does not cover products purchased from unauthorized sellers, Otter actually covers those unauthorized purchases. On the other hand, a reasonable jury could find, instead, that Otter does disclaim its warranty for products purchased from unauthorized sellers." *Big Birds* Order, pp. 12-13. Judge Ebel explained: "Otter has asserted evidence that the existence of a manufacturer's warranty

---

[1] The Court acknowledges that Triplenet's Motion in Opposition to Summary Judgment includes a single statement that "the product sold by the defendant does indeed come with the Otter Warranty, but it is Otter, the Plaintiff manufacturer—not the defendant—that refuses to honor it." ECF 44 at 12. This statement, however, was made in support of Triplenet's argument that the warranty be found null and void. The Court does not interpret the statement to suggest that Triplenet asks the court to find the warranty null and void *and also* to find that the Warranty covers Triplenet products. Such request would be inconsistent and, nonetheless, it is not supported by any facts or evidence.

is material, and Big Birds has submitted contrary evidence. That is sufficient to defeat summary judgment." *Id.* at 13.

Triplenet submitted no such evidence. Triplenet argues in its Motion for Reconsideration that "In the Big Birds case, the defendants**,** *like Triplenet*, offered evidence tending to show that the warranty was not material [to] consumers. *Like Triplenet*, the Big Birds defendants demonstrated that consumers would be unaware of the Otter warranty." ECF 56, p. 8 (citing to *Big Birds* Order, p. 11) (emphasis added). But Triplenet does not cite to, nor can the Court identify, and such evidence identified by Triplenet *in this case.* While Triplenet now equates its argument with that advanced by Big Birds, Triplenet did not identify any such evidence in its own motion for summary judgment, nor does Triplenet cite to any such evidence now.

As noted in this Court's order, Otter cited to evidence that the products sold by Triplenet are not covered by the Otter Warranty. ECF 54, p. 8. Otter also cited to survey evidence suggesting that more than 85% of respondents reported that they were "much more likely" or "somewhat more likely" to purchase an Otter product on Amazon if the product included the manufacturer's warranty. Triplenet did not address any of these arguments, did not even reference Otter's survey evidence, and, as set forth previously, did not dispute that the applicability of the warranty was material. In its Motion for Reconsideration, Triplenet argues that it "vigorously disputed the materiality of the warranty from the outset of the litigation, including in its opposition to summary judgment." ECF 56, p. 7. But the arguments contained in Triplenet's summary judgment briefing are

simply not the same arguments that it makes now. Triplenet did not previously argue that the difference was not material, it instead argued that Otter should be foreclosed from claiming material difference because the Otter Warranty is invalid. Further, Triplenet's arguments regarding Otter's survey evidence now are not appropriately considered at this stage, because Otter could have made those arguments in its summary judgment briefing, but it chose not to.

Throughout its Motion for Reconsideration, Triplenet consistently argues that it has identified disputed facts, but merely stating that a fact is disputed does not make it so. To defeat a motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, **must set forth specific facts** showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56 (emphasis added). Triplenet argues that this Court incorrectly found that Otter's evidence was uncontradicted. But instead of offering contradictory evidence, Triplenet merely states "this was a disputed fact." ECF 56, p. 6. But "[i]t is not sufficient for a party to have discovered evidence to support his theory of the case and merely assert to the trial court that he is prepared to go ahead with that evidence. Rather, a party is required to allege the facts he claims are in dispute and point with specificity to affidavits or other evidence in the record that supports his contention that the facts are, in reality, disputed." *Brown v. Reardon*, 770 F.2d 896, 909 (10th Cir. 1985) (McKay, J., concurring in part).

8

When considering a motion for summary judgment, the Court is tasked with analyzing the facts and evidence before it to determine whether issues of material facts exist. Triplenet's Motion for Reconsideration asks the Court to find in its favor based on arguments that were not made in this action and that were supported by evidence that was not before this Court. There is no support for such request. Triplenet's motion for reconsideration of this issue is denied.

2. Quality Control

This Court found that, even if Otter were not entitled to summary judgment based on the material difference exception, it would still be entitled to summary judgment under the quality control exception to the first sale doctrine. To establish the applicability of the quality control exception, Otter must allege that (i) they have established legitimate, substantial, and nonpretextual quality control procedures, (ii) they abide by these procedures, and (iii) the nonconforming sales by Triplenet will diminish the value of Plaintiffs' trademark. *Otter Products, LLC v. Cloudseller, LLC*, No. 19-cv-0630-JLK at *15-16.

In its Motion for Reconsideration, Triplenet argues that factual disputes exist regarding whether the quality controls are legitimate, substantial, and nonpretextual. Triplenet argues that, in its summary judgment briefing, it "marched through each of the alleged quality controls and, citing to the testimony of Plaintiffs' witness (Kevin McPherson), explained why they were meaningless." Triplenet directs the Court to its summary judgment briefing, ECF 44, p. 8. But page 8 of Triplenet's opposition merely

identifies Otter's quality controls and follows them with a series of rhetorical questions. While Triplenet did cite to the testimony of Mr. McPherson regarding the quality controls, it merely argued that "Plaintiff relies upon reports from its regional managers" for identifying and removing damaged products. *Id.* As set forth in this Court's order, the minimal evidence cited to by Triplenet did not suggest that the quality controls were merely pretext, but it actually reinforced Otter's contention that Otter does enforce its quality controls.

Again, Triplenet argues that Judge Ebel's findings in *Big Birds* apply here. But Triplenet again has failed to identify evidence that it submitted *in this case* to support its arguments. In *Big Birds*, Judge Ebel pointed to evidence regarding whether Otter's quality controls were substantial. He specifically noted that "[s]ixty percent of Otter's cell-phone-case sales…are made to cell phone carriers like Verizon and T-Mobile. Thirty percent of Otter's cell-phone-case sales are to national retailers… [and] [t]en percent of Otter's cell-phone-case sales are made through its approximately 4,900 smaller authorized sellers and five authorized secondary resellers." *Big Birds* Order, pp. 17-18. But Triplenet here did not argue that Otter's quality controls were not substantial, only that they were pretextual. Further, the facts identified by Judge Ebel were not raised by Triplenet or cited in its motion.

With regard to pretext, the defendants in *Big Birds* "presented evidence that Otter only weakly enforces its quality controls against its authorized sellers, b3ut immediately after adopting these quality controls, began sending

cease-and-desist letters to and suing unauthorized resellers who resell Otter products on Amazon." *Id.* at 18.  No such evidence was presented by Triplenet in this case. Triplenet generally asserted that the controls were pretextual, but it did not identify any actual facts supporting the allegation. *See e.g.*, ECF 44, pp. 8-9 ("Query: Are plaintiff's 40,000 plus distributors throughout the United States [] supposed to open each and every package…? …Is plaintiff's product in question [] affected by weather conditions?).

Triplenet also argues that this Court "fell for Plaintiffs' ruse" when it found that Otter produced evidence that it abides by its quality controls. ECF 56, p. 12. Otter produced evidence demonstrating that it abides by and enforces its quality controls, including by conducting inspections at retailers like Target and Walmart. Triplenet has not pointed to any evidence that such enforcement does not actually take place. As the Court pointed out in its Order, bald assertions that the opposing party's evidence is "not true" does not create an issue of material fact. Yet again, Judge Ebel's finding on the issue in *Big Birds* was supported by facts that Triplenet did not introduce here. Triplenet consistently refers to its argument as "evidence," but argument and evidence are not the same thing. Merely stating that Otter did not enforce its quality controls does not create an issue of material fact on that issue. Without any facts to support its position, the Court simply cannot find that a jury could find in favor of Triplenet here.

Triplenet finally argues that there are factual disputes regarding wither Triplenet fails to comply with Otter's quality controls. But Triplenet never argued that it did comply

with Otter's quality controls. Instead, Triplenet argued that Otter's quality controls are "abstract and theoretical" and "cannot be implemented." ECF 44, p. 7.

Having considered Triplenet's arguments in its Motion for Reconsideration, the Court finds that there is no basis for reversing its entry of summary judgment in favor of Otter. That Judge Ebel allowed *Big Birds* to go to trial does not impact this Court's decision, because both the arguments made and the evidence presented in that case differ from the arguments and evidence here.

### B.  False Advertising

The Court found that Otter was entitled to summary judgment on its false advertising claim because Otter cited to evidence that Triplenet made false or misleading statements of fact. The Court specifically found that the uncontradicted evidence established that the Otter warranty does not cover products sold by unauthorized sellers, and that Triplenet admitted that it was not an authorized seller. Further, the Court noted that Triplenet's Amazon site states: "Includes OtterBox limited lifetime warranty…". ECF 54, p. 14.

Triplenet here again mischaracterizes its own argument and relies on evidence referenced in *Big Birds* that was not cited to in this case. Triplenet first argues that there is a disputed issue of fact as to whether Otter actually honors warranty claims on products sold by unauthorized sellers like Triplenet. If so, Triplenet argues, it did not make a false statement. ECF 56, p. 14. As previously explained, Triplenet did not argue on summary judgment that Otter honors warranty claims on products sold by unauthorized sellers.

Even if they had made such an argument, there was not evidence produced in *this case* supporting that argument.

Triplenet secondarily takes issue with this Court's finding that Triplenet made a false statement when it listed its product as "New" because under Amazon's policies a "New" product listing comes with the original manufacturer's warranty. Triplenet does not, however, offer any conflicting evidence. Instead, it merely states that "Triplenet disputes Plaintiffs' self-serving reading of Amazon's policies."[2]

At the summary judgment stage, Triplenet did not offer any independent argument or analysis on Otter's false advertising claim, instead relying almost exclusively on its argument that the Otter warranty is entirely invalid. Triplenet failed to establish evidence suggesting an issue of material fact at the summary judgment stage and, again, fails to establish an entitlement to reversal now. Triplenet's request for reconsideration of this issue is denied.

### C. CCPA Claims

Triplenet does not offer argument specific to the CCPA claims, but instead asks this Court to reconsider its summary judgment order based on the alleged issues of

---

[2] While Triplenet does cite to the declaration of Mr. Blackman, ECF 44, ¶ 13, the paragraph cited includes only argument, not evidence; as such, it does not suggest or create a dispute of material fact:

> Plaintiff additionally testified that products purchased for resale are all considered as having been "used" and does not comply with Amazon's listing policy. However, the resale by defendant of genuine and authentic Otter products do not fall into the "Used Product" category listed by Amazon. This misleading allegation is merely another example of plaintiff's fabrications to falsely disparage all sales by third party sellers, to keep them shut out of the market place, while depriving consumers from obtaining their products at discounted prices.

material fact purportedly identified elsewhere in its motion for reconsideration. For the reasons stated herein, the Court finds those arguments unpersuasive.

III.    CONCLUSION

For the reasons stated herein, Triplenet's Motion for Reconsideration (ECF 56) is **DENIED.**

DATED:  February 3, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge